

**FILED**

JAN 1 2 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DUSTY W. BARGER, also known as Dusty W. Leetch,<br><br>           Petitioner,<br>v.<br><br>MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>           Respondents. | CV 10-53-H-DWM-RKS<br><br><br><br>ORDER |

Petitioner Barger, a state parolee proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to criminal mischief and criminal endangerment and was sentenced in March 2001. In this action he claims he had "diplomatic immunity" and worked for the Clark County Sheriff's

Department. Magistrate Judge Strong entered Findings and Recommendation in this matter on December 8, 2010. Judge Strong found the claims frivolous and recommended the petition be denied on the merits.

Petitioner timely objected to the Findings and Recommendation on December 13, 2010. He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner first objects that if the Court would fingerprint him it would see the truth of his claims. Judge Strong informed Petitioner that if he can show some evidence that he had diplomatic immunity, why he failed to raise the defense at the time of trial, and why he waited nine and a half years after his conviction became final to raise the issue, the petition might not deserve to be denied on the merits. Asking the Court to fingerprint him falls short of presenting any evidence that he had diplomatic immunity, nor does he make any showing as to why this defense was not raised sooner. I agree with Judge Strong that the claim is frivolous.

2

Petitioner also objects that his employment status with the Sheriff's Department proves his sentences should have run concurrently under the "10 for 10 law." Petitioner has offered no citation or explanation of what the "10 for 10 law" is, and the Court is not aware of any such law. With no law supporting Petitioner's claim that his sentences should have run concurrently based on his past employment with the Sheriff's Department, I agree with Judge Strong that the claim is frivolous.

I find no clear error in Judge Strong's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #3) are adopted in full.

IT IS FURTHER ORDERED that Petitioner Barger's petition (dkt #1) is DENIED on the merits. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 12 day of January, 2011.

Donald W. Molloy, District Judge
United States District Court