IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED JAN 0 6 2012 PATRICK E. DUFFY, CLERK By_____ DEPUTY CLERK, MISSOULA

| | |
|---|---|
| DUSTY W. BARGER, also known as Dusty W. Leetch,<br><br>Petitioner,<br><br>vs.<br><br>MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 10-53-H-DWM<br><br><br><br>ORDER DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This action for writ of habeas corpus under 28 U.S.C. § 2254 was closed on January 12, 2011. On January 3, 2012, Petitioner Barger filed a motion asking that he be fingerprinted. Barger is a state parolee proceeding pro se.

The only conceivable purpose of fingerprinting would be to prove that Petitioner Dusty Barger, a/k/a Dusty Leetch, is not the person who committed the crimes of which Petitioner Dusty Barger, a/k/a Dusty Leetch, was convicted. That means, in turn, that the motion for fingerprinting is not a garden-variety motion under Fed. R. Civ. P. 60(b) but, in substance, a second or successive habeas petition,

1

*Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), and, consequently, this Court lacks jurisdiction even to consider it, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28 U.S.C. § 2244(b)(3)(A). The Ninth Circuit Court of Appeals would have jurisdiction to consider an application for authorization to file a second petition in this Court, but transfer is not in the interests of justice, 28 U.S.C. § 1631. Barger's initial claims of "diplomatic immunity" and a purely fictitious "10 for 10 law," which appeared to be some kind of "law enforcement privilege" to commit crime, were frivolous, untimely nearly ten years, and unexhausted. In addition, Barger objected to the Magistrate Judge's Findings and Recommendation by suggesting that he be fingerprinted, his objection was overruled, and Barger did not appeal. *See* Order (doc. 5) at 2-3.

A certificate of appealability is not warranted because Barger has never made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED that Barger's motion (doc. 7) is DISMISSED for lack of jurisdiction and a certificate of appealability is DENIED.

DATED this 6th day of January, 2012.

Donald W. Molloy
United States District Court